UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Oneal Free, | )<br>) |
| Plaintiff, | )<br>) Case No.: 1:18-cv-2916-SAL |
| v. | )<br>) |
| Deputy J. Frantz; Aiken County Sheriff Michael Hunt, | )<br>) **OPINION AND ORDER**<br>) |
| Defendants. | )<br>)<br>) |

This matter is before the Court for review of the November 26, 2018 Report and Recommendation of United States Magistrate Judge (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment, ECF No. 21, be granted in its entirety, finding that Plaintiff released Defendants from liability. Plaintiff timely filed objections to the Report. ECF No. 36. Defendants replied, ECF No. 37, and the Report is accordingly ripe for review.

**I.      Background**

Plaintiff Oneal Free was arrested on February 27, 2014. He filed an action in this court against Aiken County Sheriff's Deputy Roberts, raising First and Fourth Amendment claims, as well as a claim for abuse of process. *See* Complaint, *Free v. Roberts*, No. 1:14-cv-04601-JMC-SVH (D.S.C. 2014) (ECF No. 1). On February 10, 2015, during the pendency of that suit, Plaintiff was arrested again, this time by Aiken County Sheriff's Deputy Frantz. ECF No. 1 at ¶ 9. This arrest and the prosecution that followed form the basis of Plaintiff's claims in this suit. On May 23, 2016, Plaintiff entered into a settlement agreement ("Release") in connection with his 2014

1

lawsuit. That agreement contained a release of all claims against the Aiken County Sheriff's Office and its agents. Specifically, Plaintiff agreed to the release of all claims arising out of the facts alleged in the 2014 lawsuit, as well as any claims he may have had on or before May 23, 2016:

> It is agreed between the parties that this Full and Final Release represents the sole intentions of the parties. It serves to release all liens or claims, known or unknown, expected or unexpected, arising out of the incident described in the pleadings in this action, as well as any other claims or liens, known or unknown, that the Payee may have against the Payers, their agents and employees. This release will not be challenged subsequently as not reflecting the sole intention of the parties.

ECF No. 21-4 at 13. A threshold issue in this case is thus whether the Release, entered after mediating the 2014 lawsuit, also released Plaintiff's claims regarding his 2015 arrest and subsequent prosecution. The Magistrate Judge concluded that it did. *See* ECF No. 35. Plaintiff filed timely objections to the Report, and argues that (1) the claims in this case are not contemplated by the Release, where he did not know that the 2015 charges were dismissed until after the Release was executed; and (2) the Release is unconscionable. ECF No. 36. These arguments are addressed in turn below.

**II.     Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

**III. Discussion**

Because the provisions of the Release unambiguously encompass all claims asserted in this action, and Plaintiff presents no evidence of unconscionability, his objections are overruled, and the Report is adopted in whole.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

    **A.**    **The Release is not reasonably susceptible to more than one interpretation. Extrinsic evidence concerning the parties' intent therefore does not create a genuine issue of material fact.**

Whether a contract is ambiguous is a question of law, *S.C. Dep't of Nat Res. V. Town of McClellanville*, 550 S.E.2d 299, 302-03 (S.C. 2001), and ambiguity only exists where the terms "are reasonably susceptible of more than one interpretation." *Id.* at 303 (citation omitted). Although Plaintiff has submitted extrinsic evidence tending to prove that the parties to the Release did not contemplate the release of claims arising out of Plaintiff's February 10, 2015 arrest, *see* Brian Free Aff., ECF No. 26-5 at ¶ 14; White Aff., ECF No. 26-6 at ¶ 3, the language of the agreement is clear. *See McGill v. Moore*, 672 S.E.2d 571, 576 (S.C. 2009) ("The parol evidence rule prevents the introduction of extrinsic evidence of agreements or understandings contemporaneous with or prior to execution of a written

instrument when the extrinsic evidence is used to contradict, vary or explain the written instrument."). Under the plain and ordinary meaning of the Release, Plaintiff agreed to release (1) claims arising out of his February 27, 2014 arrest "in particular," as well as (2) "*any and all causes of action . . . for and because of any matter or thing done*" to Plaintiff on or before May 23, 2016, "whether they are presently known or unknown." ECF No. 21-4 at 12-13. Any evidence of prior or contemporaneous oral representations is insufficient to create a genuine issue of material fact about what the Release means.

In addition, it is of no consequence that Plaintiff may not have had actual knowledge that the charges attendant to his February 10, 2015 arrest were dismissed, and that his claims had therefore accrued, when he executed the Release. A claim for malicious prosecution does not accrue until after the proceedings are terminated in the plaintiff's favor. *Loadholt v. Cribb*, No. 2004-UP-238, 2004 WL 6251537, at *3 (S.C. Ct. App. Apr. 12, 2004). The record establishes that Plaintiff's charges were disposed of on April 20, 2016. ECF No. 37-1 at 1. Plaintiff merely speculates that the disposition was not actually filed until 2018. *See* ECF No. 26 at 6. This theory is insufficient for his claims to survive summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411 (4th Cir. 1986) ("[S]peculation is not sufficient to defeat a summary judgment motion.").

Finally, Plaintiff agreed to release Defendants from liability for all causes of action, "whether they [were] presently known or unknown" on May 23, 2016. Analysis of when Plaintiff should have discovered that his charges were dismissed under a discovery rule, assuming one applies, is therefore unwarranted. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (noting that a cause of action for malicious prosecution accrues when criminal

proceedings have been terminated in the plaintiff's favor) (citing 1 C. Corman, Limitation of Actions ¶ 7.4.1, p. 532 (1991)); *Loadholt*, 2004 WL 6251537, at *3.

> B. **The terms of the Release are not inherently oppressive or one-sided; the Release is therefore not unconscionable.**

Plaintiff argues that because the attorneys negotiating the Release did not affirmatively tell him that the charges had been dismissed during mediation, the Release is unconscionable. ECF No. 26 at 6. Unconscionability is defined as "the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *One Belle Hall Prop. Owners Ass'n, Inc. v. Trammell Crow Residential Co.*, 791 S.E.2d 286, 291 (S.C. Ct. App. 2016).

The Release was executed after a mediation, during which both parties to the 2014 lawsuit were represented by counsel. No reasonable jury would be able to conclude that the terms of the Release, which were necessarily negotiable, are so oppressive or one-sided that no reasonable person would agree to be bound by them. In addition, to the extent Plaintiff's argument is premised on Defendants' attorney's failure to affirmatively advise him what other claims had accrued and were thus subject to release, his argument is misplaced. Nothing in the record suggests that neither Plaintiff nor his attorney could have learned of the dismissal prior to execution of the Release.

## IV. Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the Court hereby adopts the Report and Recommendation, ECF No. 35, in its entirety. Accordingly, Defendants' Motion for Summary Judgment, ECF No. 21, is GRANTED.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

March 17, 2020
Florence, South Carolina